IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00206-F-1
No. 5:14-CV-00039-F

| | |
|---|---|
| MARGO JOANN LEWIS,<br>    Petitioner | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-35] Margo Joann Lewis's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 [DE-25, DE-29].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Lewis's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On June 14, 2012, Lewis was charged in a criminal information with conspiracy to defraud the United States by making false claims, pursuant to 18 U.S.C. § 286. *See* Criminal Information [DE-1]. At Lewis's arraignment, held on August 6, 2012, she pled guilty to the Criminal Information pursuant to a written plea agreement [DE-10].

Lewis's sentencing hearing was held on January 31, 2013, and she was sentenced to 48 months' imprisonment. *See* Judgment [DE-19]. Lewis did not appeal her conviction or sentence.

---

[1] Lewis's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-25], which was filed on January 27, 2014. At the court's direction, Lewis filed a "conforming" motion [DE-29] on February 19, 2014.

On January 27, 2014, Lewis filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-25, DE-29]. In her § 2255 motion, Lewis raises the following issues: (1) the court erred by imposing a two-level enhancement for obstruction of justice; (2) her attorney provided ineffective assistance of counsel by failing to pursue her objections to the enhancements for her leadership role and for obstruction of justice; (3) her attorney provided ineffective assistance of counsel by failing to advise the court of her purported agreement with the Government regarding her sentence; and (4) her attorney provided ineffective assistance of counsel by failing to adequately represent her at sentencing. Mot. Vacate [DE-29] at 4-5, 7-8. The Government filed a Motion to Dismiss [DE-35] on May 15, 2014, arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Lewis has failed to state a claim upon which relief can be granted. Mot. Dismiss [DE-35] at 1.

## II. Legal Standard

**Rule 12(b)(6) Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Lewis's First Claim is Barred By the Waiver in Her Plea Agreement.**

Lewis's plea agreement contained a waiver of her right to challenge her conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Lewis's plea agreement, which she signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to

3

> appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-10] at 1. The court finds that Lewis's waiver was both knowing and voluntary. Moreover, even if it were not, Lewis is foreclosed from raising the issue because she did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Lewis's claim that the court erred by imposing a two-level enhancement for obstruction of justice does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to her at the time of her guilty plea. Accordingly, pursuant to the waiver in her plea agreement, Lewis has waived the right to pursue her first claim.

**B. Lewis has Failed to State a Claim for Ineffective Assistance of Counsel in Her Second, Third and Fourth Claims.**

Lewis has raised three claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms."

4

*Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As for the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Lewis's ineffective assistance of counsel claims in turn.

### 1. Failed to Pursue Objections

In her second claim, Lewis alleges that her attorney provided ineffective assistance of counsel by failing to pursue objections to the enhancements for her leadership role and for obstruction of justice. Mot. Vacate [DE-29] at 5. A review of the record reveals that Lewis's attorney objected to the enhancements for her leadership role and for obstruction of justice contained in the Presentence Report prior to sentencing. *See* Addendum to PSR [DE-14] at 14-15. With Lewis's consent, her attorney made the strategic decision to withdraw these likely unsuccessful objections at sentencing in order to secure a motion for downward departure pursuant to U.S.S.G. § 5K1.1. Motion Vacate [DE-29] at 5. Lewis now regrets consenting to the withdrawal of the objections because she did not receive as great of a reduction in her sentence as she had hoped to receive. *Id.*

Lewis's allegations doe not rise to the level of sufficiently alleging deficient performance by her attorney. The court notes that Lewis's argument arises in hindsight because her attorney had no reason to know prior to sentencing that she would not receive as great of a reduction in

5

her sentence as hoped. Because there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, this court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. *Strickland*, 466 U.S. at 688-89. This claim must fail under the first prong of the *Strickland* standard. Because Lewis has made an insufficient showing on the performance prong of the *Strickland* standard, this court need not address the prejudice prong. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."). Accordingly, Lewis's second claim will be DISMISSED.

### 2. Failed to Advise the Court of Purported Agreement

Lewis alleges in her third claim that her attorney provided ineffective assistance of counsel by failing to advise the court of her purported agreement with the Government regarding her sentence. Mot. Vacate [DE-29] at 7. Lewis's claim that there was an agreement with the Government regarding her ultimate sentence is not supported by the record. While Lewis's plea agreement with the Government stipulates to a three-level downward adjustment for acceptance of responsibility, it does not contain any stipulation regarding a final sentence. *See* Plea Agreement [DE-10]. Moreover, Lewis agreed as follows regarding her plea agreement with the Government: "This Memorandum constitutes the full and complete record of the Plea Agreement. *There are no other agreements between the parties in addition to or different from the terms herein.*" *Id.* at 1 (emphasis added).

Lewis's instant claim of ineffective assistance of counsel necessarily contradicts the sworn statement in her plea agreement. Moreover, the court notes that Lewis has not alleged any

6

prejudice caused by her attorney's failure to apprise the court of the purported agreement. For all these reasons, this claim must fail under *Strickland*. Consquently, Lewis's third claim will be DISMISSED.

### 3. Failed to Adequately Represent Her at Sentencing

In her fourth claim, Lewis alleges that her attorney provided ineffective assistance of counsel by failing to adequately represent her at sentencing. Mot. Vacate [DE-29] at 8. In a vague and conclusory fashion, Lewis contends, "I felt he didn't put forth adequate effort at sentencing." *Id.*

The court concludes that Lewis's contention that her attorney didn't provide adequate effort is not sufficient to sustain her burden of demonstrating that her attorney provided constitutionally deficient performance under the first prong of the *Strickland* standard. Moreover, the record reveals that her attorney was capable in that he successfully secured a § 5K1.1 motion for downward departure [DE-16] and also secured her a sentence below the advisory guideline range.[2] As for the second prong of the *Strickland* standard, Lewis has failed to allege any prejudice caused by her attorney's inadequate efforts at sentencing. For all these reasons, Lewis's fourth claim will be DISMISSED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-35] is ALLOWED, and Lewis's § 2255 motion [DE-25, DE-29] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing

---

[2] Lewis's advisory guideline range was 57-71 months. *See* Statement of Reasons [DE-20] at 1.

7

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Lewis has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 13th day of October, 2015.

                                               James C. Fox
                                               Senior United States District Judge

8

Case 5:12-cr-00206-F  Document 49  Filed 10/14/15  Page 8 of 8